UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ATADURU MARITIME AND TRADING  :
CO. LTD.                      :
            Plaintiff,        :
                              :                07 CV 10647 (AKH)
      - against -             :                ECF CASE
                              :
PHOENIX COMMODITIES LIMITED,  :
a/k/a PHOENIX COMMODITIES LTD.:
and PANAV SHIPPING LTD., BVI  :
                              :
            Defendants.       :
------------------------------------------------------X

[RECEIVED DEC 0 6 2007 U.S.D.C. S.D.N.Y. CASHIERS stamp]

## VERIFIED AMENDED COMPLAINT

Plaintiff, ATADURU MARATIME AND TRADING CO. LTD. ("Plaintiff"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendants, PHOENIX COMMODITIES LIMITED a/k/a PHOENIX COMMODITIES LTD. ("PHOENIX") and PANAV SHIPPING LTD., BVI ("PANAV"), ("Defendants"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was a foreign company organized and operating under foreign law with an office and place of business in Malta, and was the Owner of the M/V ATADURU ("Vessel").

3. Upon information and belief and at all times material to this action, Defendant Phoenix was a foreign corporation or other business entity organized and existing by virtue of foreign law with its principal place of business in Bangkok, Thailand and was the original Time Charterer of the Vessel.

4. Upon information and belief, Defendant PHOENIX COMMODITIES LIMITED is an entity that is also known as PHOENIX COMMODITIES LTD.

5. Upon information and belief, Defendant PANAV was a foreign corporation or other business entity organized under and existing by virtue of foreign law with an office and place of business in the British Virgin Islands and was the Nominated Time Charterer of the Vessel.

6. Upon information and belief, Phoenix has asserted that in accordance with the charter party fixture recap, they have nominated Panav as the time charterer, and Panav is considered, among the defendants, to be the disponent owner of the Vessel for the charter party described below.

7. Pursuant to a NYPE Time Charter Form with Riders, dated September 5, 2007, the Plaintiff chartered the Vessel to the Defendants for one time charter trip for about 50/55 days within specific trading limits.

8. The charter party terms required the Defendants to "pay for the use and hire of the said Vessel at the rate of US $27,500 – Daily including overtime payable 15 days in advance." Charter Party Clause 4.

9. The plaintiff submitted regular charter hire statements to the Defendants.

10. The Defendants have failed to pay hire due to the Plaintiff for the use of the Vessel and have improperly withheld hire payments that are overdue and owing to the Plaintiff.

11. As a result of Defendants' breaches of the charter party in failing to pay hire as required, Plaintiff has sustained damages in the total principal amount of **$946,588.59** exclusive of interest, arbitration costs and attorney's fees.

12. The charter party provided that any disputes arising thereunder shall be referred to London Arbitration with English law to apply.

13. Plaintiff will soon commence arbitration in London pursuant to the charter party.

14. Despite due demand, Defendants have failed to pay the amounts due to Plaintiff under the charter party.

15. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim: | $946,588.59 |
| B. | Estimated interest on claims:<br>3 years at 6.5%, compounded quarterly | $202,212.10 |
| C. | Estimated arbitration costs and attorneys' fees: | $175,000.00 |
| **Total** | | **$1,323,800.69** |

16. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendants.

17. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendants held

by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendants, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$1,323,800.69.**

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$1,323,800.69** belonging to, due or being transferred to, from, or for the benefit of the Defendants, including but not limited to such property as may be held, received or transferred in Defendants' name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any London arbitration award in Plaintiff's favor against the Defendants as a judgment of this Court;

D. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E.  That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: December 6, 2007
New York, NY

> The Plaintiff,
> ATADURU MARITIME AND TRADING CO. LTD.
>
> By: *_____/s/ Claurisse C. Orozco_____*
> Claurisse Campanale Orozco (CC 8581)
> Thomas L. Tisdale (TT 5263)
> TISDALE LAW OFFICES LLC
> 11 West 42nd Street, Suite 900
> New York, NY 10036
> (212) 354-0025 – phone
> (212) 869-0067 – fax
> corozco@tisdale-law.com
> ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )   ss.:   City of New York
County of New York   )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   December 6, 2007
         New York, NY

*/s/ Claurisse Orozco*
Claurisse Campanale-Orozco